**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON**

| | | |
|---|---|---|
| DONNA ANN BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:21-cv-5012 |
| | ) | |
| v. | ) | |
| | ) | **PLAINTIFF DEMANDS** |
| INSTANT BRANDS, INC., and | ) | **TRIAL BY JURY** |
| CORELLE BRANDS, LLC., | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff, **DONNA ANN BUTLER** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **TOMASIK KOTIN KASSERMAN, LLC**, hereby submits the following Complaint and Demand for Jury Trial against Defendant **INSTANT BRANDS, INC.** (hereafter referred to as "Defendant Instant Brands"), Defendant **CORELLE BRANDS, LLC** and (hereafter referred to as "Defendant Corelle Brands") (collectively referred to as "Defendants") and alleges the following upon personal knowledge and belief, and investigation of counsel:

**NATURE OF THE CASE**

1.  Defendants design, manufacture, market, import, distribute and sells a wide-range of consumer kitchen products, including the subject "Instant Pot Programmable Electric Pressure Cooker," which specifically includes the Viva 60 9-in-1 (referred to hereafter as "pressure cooker(s)") that is at issue in this case.

1

2. Defendants tout the "safety"[1] of its pressure cookers, and states that they cannot be opened while in use. Despite Defendants' claims of "safety," it designed, manufactured, marketed, imported, distributed and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

3. Specifically, said defects manifest themselves when, despite Defendants' statements, the lid of the pressure cooker is removable with built-up pressure, heat and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, its families and other bystanders. The Plaintiff in this case was able to remove the lid while the pressure cooker retained pressure, causing her serious and substantial bodily injuries and damages.

4. Defendants knew or should have known of these defects, but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

5. Defendants ignored and/or concealed its knowledge of these defects in its pressure cookers from the Plaintiff in this case, as well as the public in general, in order to continue generating a profit from the sale of said pressure cookers, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and consumers like her.

6. As a direct and proximate result of Defendants' conduct, the Plaintiff in this case

---

[1] *See*, e.g. Instant Pot Viva Series Owner's manual, pg. 20. ("As a safety feature, until the float valve drops down the lid is locked and cannot be opened."). A copy of the Owner's manual is attached hereto as "Exhibit A".

incurred significant and painful bodily injuries, medical expenses, lost wages, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF DONNA ANN BUTLER

7. Plaintiff is a resident and citizen of the city of Savannah, County of Hardin, State of Tennessee.

8. On or about October 30, 2019, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the Pressure Cooker's lid being able to be rotated and opened while the Pressure Cooker was still under pressure, during the normal, directed use of the Pressure Cooker, allowing its scalding hot contents to be forcefully ejected from the Pressure Cooker and onto Plaintiff. The incident occurred as a result of the failure of the Pressure Cooker's supposed "Built-In Safety Features," which purport to keep the consumer safe while using the Pressure Cooker. In addition, the incident occurred as the result of Defendants' failure to redesign the Pressure Cooker, despite the existence of economical, safer alternative designs.

## DEFENDANTS INSTANT BRANDS, INC. & CORELLE BRANDS, LLC.

9. Defendants design, manufacture, market, import, distribute and sell a variety of consumer kitchen products including pressure cookers, air fryers, and blenders, amongst others.

10. Defendant Instant Brands is a Canadian corporation with is principal place of business at 495 March Road, Suite 200, Kanata, ON, Canada K2K 3G1, and as such is deemed to be a citizen of the Country of Canada.

11. Defendant Corelle Brands is a Delaware corporation with its principal place of business at 9525 West Bryn Mawr Avenue, Suite 300, Rosemount, Illinois 60018 and serves as the operating subsidiary of Corelle Holdings in the United States. Defendant Corelle Brands is part of Cornell Capital, a New York-based private equity firm.

12.     Defendant Corelle is headquartered within this District in Rosemont, Illinois.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

14.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

15.     Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants have sufficient minimum contacts with the State of Illinois and has intentionally availed itself of the markets within Illinois through the promotion, sale, marketing, and distribution of its products.

16.     Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants Corelle Brands and Defendant Corelle Holdings are headquartered in this District.

## FACTUAL BACKGROUND

17.     Defendants is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the pressure cooker at issue in this litigation. Defendants aggressively warrants, markets, advertises and sells its pressure cookers as "safe, convenient and depend able," [2] allowing consumers to cook "healthy and tasty meals."[3]

18.     Defendants touts the "safety" of its pressure cookers, and states that they cannot be opened while in use. For example, Defendants claims that "[A]s a safety feature, until the float valve drops down the lid is locked and **cannot be opened**." [4]

---

[2] *Id.* at Owner's Manual Introduction
[3] *Id.*
[4] *Id.* at pg. 20. (emphasis supplied).

4

19. To further propagate its message, Defendants has, and continues to utilize numerous media outlets including, but not limited to, infomercials, social media websites such as YouTube, and third-party retailers. For example, the following can be found at https://www.youtube.com/watch?v=n-yN4lyz1Ck

   a. "There are how many safety features? 10 built-in safety features, because we know some people are a little…***we don't want you worry at all! We've done everything for you to make your life much easier!***"[5]

20. By reason of the forgoing acts or omissions, the above-named Plaintiff and/or her family purchased the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

21. Plaintiff used her pressure cooker for its intended purpose of preparing meals for herself and/or family and did so in a manner that was reasonable and foreseeable by the Defendants.

22. However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by the Defendants in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

23. Defendants' pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

---

[5] *See* https://www.youtube.com/watch?v=n-yN4lyz1Ck (2:24 – 2:37)

24. Further, Defendants' representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

25. Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

26. Defendants knew or should have known that its pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public. Nevertheless, Defendants continues ignore and/or conceal its knowledge of the pressure cookers' defects from the general public and continues to generate a substantial profit from the sale of its pressure cookers, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and consumers like her.

27. As a direct and proximate result of Defendants' intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries upon Plaintiff's simple removal of the lid of the Pressure Cooker.

28. Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of Defendants' pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, lost wages, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### STRICT LIABILITY

29. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

30. At the time of Plaintiff's injuries, Defendants' pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

31. Defendants' pressure cookers were in the same or substantially similar condition as when they left the possession of Defendants.

32. Plaintiff did not misuse or materially alter the pressure cooker.

33. The pressure cookers did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

34. Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the pressure cookers safe. Specifically:

   a. The pressure cookers designed, manufactured, sold, and supplied by Defendants were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

   c. Defendants failed to properly market, design, manufacture, distribute, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

   d. Defendants failed to warn and place adequate warnings and instructions on the pressure cookers;

   e. Defendants failed to adequately test the pressure cookers; and

   f. Defendants failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

35. Defendants actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

36. Defendants conduct, as described above, was extreme and outrageous. Defendants risked the safety and well-being of the consumers and users of their pressure cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendants made conscious decisions not to redesign, warn or inform the unsuspecting consuming public. Defendants' outrageous conduct warrants an award of punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT II
## NEGLIGENCE

37. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

38. Defendants had a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

39. Defendants failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its pressure cookers in that Defendants knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

40. Defendants was negligent in the design, manufacture, advertising, warning, marketing and sale of its pressure cookers in that, among other things, it:

   a. Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals;

   b. Placed an unsafe product into the stream of commerce;

   c. Aggressively over-promoted and marketed its pressure cookers through television, social media, and other advertising outlets; and

   d. Were otherwise careless or negligent.

41. Despite the fact that Defendants knew or should have known that consumers were able to remove the lid while the pressure cookers were still pressurized, Defendants continued to market (and continue to do so) its pressure cookers to the general public.

42. Defendants' conduct, as described above, was extreme and outrageous. Defendants risked the safety and well-being of the consumers and users of their pressure cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendants made conscious decisions not to redesign, warn or inform the unsuspecting consuming public. Defendants' outrageous conduct warrants an award of punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT III
## BREACH OF EXPRESS WARRANTY

43. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

44. Defendants expressly warranted that its pressure cookers were safe and effective to members of the consuming public, including Plaintiff. Moreover, Defendants expressly warranted that the lid of the Pressure Cooker could not be removed while the unit remained pressurized. For example:

    a. As a safety feature, until the float valve drops down the lid is locked and cannot be opened.[6]

45. Members of the consuming public, including consumers such as the Plaintiff were the intended third-party beneficiaries of the warranty.

46. Defendants marketed, promoted and sold its pressure cookers as a safe product, complete with "Safety Features."

47. Defendants' pressure cookers do not conform to this express representation because the lid can be removed using normal force while the units remain pressurized, despite the appearance that the pressure has been released, making the pressure cookers not safe for use by consumers.

48. Defendants breached its express warranties in one or more of the following ways:

    a. The pressure cookers as designed, manufactured, sold and/or supplied by the Defendants, were defectively designed and placed into the stream of commerce by Defendants in a defective and unreasonably dangerous condition;

    b. Defendants failed to warn and/or place adequate warnings and instructions on their pressure cookers;

    c. Defendants failed to adequately test its pressure cookers; and

    d. Defendants failed to provide timely and adequate post-marketing warnings and instructions after they knew the risk of injury from their pressure cookers.

---

[6] Instant Pot Viva Series Owner's manual, pg. 20.

49. The Plaintiff in this case and/or her family purchased and used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

50. Plaintiff's injuries were the direct and proximate result of Defendants' breach of its express warranties.

51. Defendants' conduct, as described above, was extreme and outrageous. Defendants risked the safety and well-being of the consumers and users of its Pressure cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendants made conscious decisions not to redesign, warn or inform the unsuspecting consuming public. Defendants' outrageous conduct warrants an award of punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT IV
## BREACH OF IMPLIED WARRANTY OF FITNESS
## FOR A PARTICULAR PURPOSE

52. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

53. Defendants manufactured, supplied, and sold their pressure cookers with an implied warranty that they were fit for the particular purpose of cooking quickly, efficiently and safely.

54. Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of the warranty.

55. Defendants' pressure cookers were not fit for the particular purpose as a safe means of cooking, due to the unreasonable risks of bodily injury associated with their use as described herein in this Complaint.

56. The Plaintiff in this case reasonably relied on Defendants' representations that its pressure cookers were a quick, effective and safe means of cooking.

57. Defendants' breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

58. Defendants' conduct, as described above, was extreme and outrageous. Defendants risked the safety and well-being of the consumers and users of its Pressure cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendants made conscious decisions not to redesign, warn or inform the unsuspecting consuming public. Defendants' outrageous conduct warrants an award of punitive damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT V
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

59. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

60. At the time Defendants marketed, distributed and sold their pressure cookers to the Plaintiff in this case, Defendants warranted that its Pressure cookers were merchantable and fit for the ordinary purposes for which they were intended.

61. Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of the warranty.

62. Defendants' pressure cookers were not merchantable and fit for their ordinary purpose, because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

63. The Plaintiff in this case and/or her family purchased and used the pressure Cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

64. Defendants' breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

65. Defendants' conduct, as described above, was extreme and outrageous. Defendants risked the safety and well-being of the consumers and users of their pressure cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendants made conscious decisions not to redesign, warn or inform the unsuspecting consuming public. Defendants Sunbeam's outrageous conduct warrants an award of punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT VI
## VIOLATION OF THE CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
## 815 ILCS 505/1 *et. seq.*.

66. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

67. At all times material herein, Defendants warranted and represented that its pressure cookers were safe and free of defects in materials and workmanship and that they possessed certain "safety features".

68. Defendants warranties and representations that their pressure cookers were safe and free from defects, including that they possessed certain "safety features," would influence a reasonable consumer's decision whether to purchase the pressure cookers.

69. Defendants' failure to warn of its pressure cookers defects was a material omission that would influence a reasonable consumer's decision whether to purchase its pressure cookers.

70. Plaintiff and/or her family relied on the truth of Defendants' warranties and representations concerning the pressure cookers, and Plaintiff suffered personal damages as result of this reliance.

71. Had Plaintiff and/or her family been adequately warned concerning the likelihood that the pressure cooker's lid could be removed while pressurized, they would have taken steps to avoid damages by not purchasing this product. As a result of these violations of consumer protection laws, the Plaintiff in this case has incurred and will incur: serious physical injury, pain, suffering, loss of income, loss of opportunity, loss of family and social relationships, and medical and hospital expenses and other expense related to the diagnosis and treatment thereof, for which the Defendants are liable.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT VII
## PUNITIVE DAMAGES

72. Plaintiff incorporates by reference each of the allegations set forth in this Complaint as though fully set forth herein.

73. The acts, conduct, and omissions of Defendants, as alleged throughout this Complaint, were willful and malicious. It is unconscionable and outrageous that Defendants would risk the health, safety, and well-being of consumers, including the Plaintiff in this case. Despite its knowledge that the lid could be prematurely removed while the unit remained pressurized, Defendants made conscious decisions not to redesign, despite the existence of an economically feasible, safer alternative design, and not to adequately label, warn or inform the unsuspecting consuming public about the dangers associated with the use of its pressure cookers. Defendants' outrageous conduct rises to the level that Plaintiff should be awarded punitive damages to deter Defendants from this type of outrageous conduct in the future, as well as to discourage other Defendants from placing profits above the safety of consumers in the United States of America.

74. Prior to and during the manufacturing, sale, and distribution of their pressure cookers, Defendants knew that said pressure cookers were in a defective condition as previously described herein and knew that those who purchased and used their pressure cookers, including Plaintiff, could experience severe physical, mental, and emotional injuries.

75. Further, Defendants knew that its pressure cookers presented a substantial and unreasonable risk of harm to the public, including Plaintiff, and as such, Defendants unreasonably

subjected consumers of said pressure cookers to risk of serious and permanent injury from their use.

76. Despite its knowledge, Defendants, for the purpose of enhancing its profits, knowingly and deliberately failed to remedy the known defects in its pressure cookers, and failed to warn the public, including Plaintiff, of the extreme risk of injury occasioned by said defects inherent in them. Defendants intentionally proceeded with the manufacturing, sale, distribution and marketing of its pressure cookers knowing these actions would expose consumers, such as the Plaintiff, to serious danger in order to advance its pecuniary interest and monetary profits.

77. Defendants' conduct was despicable and so contemptible that it would be looked down upon and despised by ordinary decent people and was carried on by Defendants with willful and conscious disregard for the safety of the Plaintiff, her family, and consumers like them, entitling the Plaintiff to punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendants for damages, including punitive damages, to which she is entitled by law, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a. judgment for Plaintiff and against Defendants;

b. damages to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendants' pressure cookers;

c. pre and post judgment interest at the lawful rate;

    d.  punitive damages on all applicable Counts as permitted by the law;

    e.  a trial by jury on all issues of the case;

    f.  an award of attorneys' fees; and

    g.  for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted,

Date: September 22, 2021        BY: /s/ *Timothy S. Tomasik*
                                                   Attorney for Plaintiff

**TOMASIK KOTIN KASSERMAN, LLC**
Timothy S. Tomasik
Loren Legorreta
161 N. Clark St., Suite 3050
Chicago, Illinois 60601
(312) 605-880
tim@tkklaw.com
loren@tkklaw.com

*In association with:*

**JOHNSON BECKER, PLLC**

Kenneth W. Pearson, Esq. (MN ID #016088X)   *Pro Hac Vice to be filed*
Adam J. Kress, Esq. (MN ID #0397289)     *Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800
kpearson@johnsonbecker.com
akress@johnsonbecker.com

***Attorneys for Plaintiff***